Filed 8/5/21  Meier v. U.S. Bancorp CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAROL MEIER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>U.S. BANCORP et al.,<br><br>        Defendants and Respondents. | A158922, A159740<br><br>(Contra Costa County<br>Super. Ct. No. MSC18-01056) |

In December 2009, appellant Carol Meier defaulted on her mortgage, formerly owned and serviced by respondent U.S. Bank National Association (U.S. Bank).  As supposed full payment of the amount due, Meier sent U.S. Bank a document called a "Non-Negotiable Payment Bond" that purported to order the United States Department of Treasury to pay $5 million to U.S. Bank.  After U.S. Bank declined to discharge Meier's mortgage obligation, Meier sued it and its corporate parent, respondent U.S. Bancorp.  In 2019, the mortgage was assigned to respondent Truman Trust, which Meier joined as a defendant in the lawsuit.[1]

The trial court granted summary judgment in favor of U.S. Bank, U.S. Bancorp, and the Truman Trust, and it awarded them attorney fees.  On

---

[1] The full name of the Truman Trust is the "U.S. Bank, National Association, as Legal Title Trustee for Truman 2016 SC6 Title Trust."

1

appeal, Meier argues that the court erred in both rulings. We reject her arguments and affirm.

## I.
### FACTUAL AND PROCEDURAL BACKGROUND

In March 2006, Meier obtained a $600,000 mortgage loan from Downey Savings and Loan Association, F.A. This was memorialized in a promissory note, which was secured by a deed of trust recorded against Meier's Walnut Creek house. U.S. Bank acquired Meier's loan after becoming the receiver for Downey under an agreement with the Federal Deposit Insurance Corporation. U.S. Bancorp never owned or serviced the loan.

Meier defaulted on the loan by December 2009, and U.S. Bank last received payment on it in November 2011. U.S. Bank initiated foreclosure proceedings. Meier postponed the proceedings for years by deeding interests in the property to various parties and by initiating successive bankruptcies.

In May 2014, Meier sent U.S. Bank several bewildering documents, including the payment bond purporting to order the United States Department of Treasury to pay $5 million to U.S. Bank.[2] The document was initialed by Meier and two others. U.S. Bank sent Meier a written response stating that the payment bond did not "alter or change the nature or terms of [her] agreement . . . nor [was her] contractual obligation to repay the balance owed on this account in full" discharged or forgiven.

In February 2018, a new notice of default was recorded against the property. Proceeding without an attorney, Meier filed this action in June 2018 against U.S. Bank and U.S Bancorp. The causes of action asserted were

---

[2] Other documents sent included a "Verified Default in Dishonor, Certificate of Non-Response, Certificate of Estoppel," a "First Notice of Fault – Opportunity to Cure," and a "Demand for Verified Proof of Claim."

unclear and imprecise, but Meier essentially alleged that her mortgage obligation had been discharged by the payment bond.[3] U.S. Bank removed the case to federal court and moved for summary judgment. The district court granted summary judgment in favor of the banks, but it severed and remanded the state claims.

In 2019, Meier's loan was acquired by the Truman Trust, and Meier joined the trust as a defendant. The Truman Trust now holds the note and deed of trust and is the entity proceeding with the foreclosure.

The defendants moved for summary judgment, and the trial court granted the motion in full. The court first found that the payment bond did not "satisfy, discharge, or otherwise affect" Meier's mortgage or "create any obligation upon the United States Department of Treasury or any other entity to make any payment." It found that Meier's claim for violation of the federal Administrative Procedures Act (APA) failed because the defendants were not governmental agencies. And it found that Meier's claims under the California Commercial Code failed because Meier only identified one specific provision allegedly violated—section 3601—and the provision was inapplicable because the payment bond was neither a payment nor a negotiable instrument. The court lastly found that Meier failed to provide any facts or law that gave her a right to cancel her mortgage or any other instrument.

---

[3] The caption of the complaint identifies two causes of action: "1. Violation of the Administrative Procedures Act, under the California Commercial Codes section 1207 through 3505"; and "2. Cancelation of Instruments for Defendants' Failure to Reconvey Plaintiff's Deed of Trust and Promissory Note." (Some capitalization omitted.)

Meier appealed from the judgment (A158922) and the subsequent tentative ruling awarding attorney fees (A159740).[4]  On U.S. Bank's motion, this court ordered the appeals consolidated.

II.

DISCUSSION

*A. The Trial Court Properly Granted Summary Judgment in Favor of Respondents.*

1. General Principles and the Standard of Review.

Summary judgment may be granted when there is "no triable issue as to any material fact."  (Code Civ. Proc., § 437c, subd. (c).)  To meet the initial burden in moving for summary judgment, a defendant must "demonstrat[e] that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense to the action." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 100; Code Civ. Proc., §437c, subd. (o)(2).)  "Once the defendant makes this showing, the burden shifts to the plaintiff to show that a triable issue of material fact exists with regard to that cause of action or defense."  (*Lona,* at p. 100.)

Appellate courts review a grant of summary judgment de novo to determine whether there are triable issues of material facts.  (*Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142.)  We " 'liberally constru[e] the evidence in support of the party opposing summary judgment and resolving doubts concerning the evidence in favor of that party.' "  (*Abed v. Western Dental Services, Inc.* (2018) 23 Cal.App.5th 726, 738.)  For each cause of action, we ask "whether the defendant seeking

---

[4] Meier appealed from the award of attorney fees before entry of a written order.  U.S. Bank filed a motion to dismiss based on the lack of a written order, which this court denied.

summary judgment has conclusively negated a necessary element of the plaintiff's case, or has demonstrated that under no hypothesis is there a material issue of fact." (*Guz v. Bechtel Nat., Inc.* (2000) 24 Cal.4th 317, 334.) "If summary judgment was properly granted on any ground, we affirm 'regardless of the trial court's stated reasons.' " (*Abed, supra*, at p. 739.)

"Although our review of a summary judgment is de novo, it is limited to issues which have been adequately raised and supported in [appellant's] brief." (*Reyes v. Kosa* (1998) 65 Cal.App.4th 451, 466, fn. 6.)  Meier has the burden to present "legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 (*Keyes*).)  "[W]e may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he [or she] wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287 (*City of Santa Maria*); see Cal. Rules of Court, rule 8.204(a)(1)(B) ["[S]upport each point by argument and, if possible, by citation of authority"].)

### 2. The Trial Court Properly Found that the Payment Bond Did Not Satisfy Meier's Mortgage Obligation.

Meier first challenges the trial court's conclusion that the payment bond did not "satisfy, discharge, or otherwise affect" her mortgage.  We perceive no error.

As we have said, the trial court found that the payment bond "does not create any obligation upon the United States Department of Treasury or any other entity to make any payment."  This finding was supported by uncontested evidence that the document was "not a valid bond," and that U.S. Bank received no "funds from anyone in connection with" it.  Meier has

wholly failed to satisfy her appellate burden of showing that evidence was presented below that created a triable issue regarding these facts. (See *Keyes*, *supra*, 189 Cal.App.4th at p. 655.)

This is not the first case in which a debtor has claimed that their mortgage obligation was satisfied by sending the lender a document with no real value. In *McElroy v. Chase Manhattan Mortgage Corp.* (2005) 134 Cal.App.4th 388, a case relied upon by the trial court, the debtors claimed that their mortgage was satisfied with a document called a "Bonded Bill of Exchange Order," which purportedly required the Secretary of Treasury to honor the mortgage obligation. (*Id.* at p. 390.) The court found that the document was worthless. (*Id.* at p. 393.) The uncontested evidence here similarly established that the payment bond was not a valid bond and had no value.

Meier also contends that U.S. Bank should be deemed to have accepted the payment bond as satisfaction of her mortgage because it did not affirmatively reject or return it. Again, she is mistaken. To begin with, the record shows that U.S. Bank *did* reject the bond in a written response dated May 29, 2014. But even if it had not done so, "[a]s a general rule, silence or inaction does not constitute acceptance of an offer." (*Golden Eagle Ins. Co. v. Foremost Ins. Co.* (1993) 20 Cal.App.4th 1372, 1385.) Although there are some exceptions to this rule, none of them apply here. (See *id.* at p. 1386 ["Acceptance of an offer may be inferred from inaction in the face of a duty to act [citations]; and from retention of the benefit offered."].) Meier also argues that the bond is valid because she complied with "procedure" in delivering it and "conformed perfectly" with various legal notices. But she fails to explain the specific procedure that she complied with or how adherence to the

6

unspecified procedure would mean that the payment bond was valid. (See *City of Santa Maria, supra*, 211 Cal.App.4th at pp. 286–287.)

The trial court properly found that the payment bond did not satisfy Meier's mortgage obligation.

### 3. The APA Does Not Apply.

Meier next argues that the trial court should not have granted summary judgment on her cause of action under the APA. Even accepting the dubious assumption that Meier can pursue this claim on remand, the claim is clearly frivolous, and it was properly rejected.[5]

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." (5 U.S.C. §702.) The trial court found that Meier had no right to relief under the APA because U.S. Bank, U.S. Bancorp, and the Truman Trust are not agencies, which are defined as "authorit[ies] of the Government of the United States." (5 U.S.C. § 701(b)(1).) Meier provides no authority suggesting that this ruling was incorrect. As a result, her appellate argument based on the APA is deemed forfeited. (See *Keyes, supra*, 189 Cal.App.4th at p. 655.)

Meier's argument that California Commercial Codes sections 1207 through 3505 were violated is similarly forfeited. (See *Davies v. Sallie Mae, Inc.* (2008) 168 Cal.App.4th 1086, 1096 ["Issues not raised in an appellant's brief are deemed waived or abandoned"].) Although Meier argues that she is entitled to relief under Commercial Code section 3601, we conclude that the

---

[5] Not only were all federal claims resolved by the federal district court, but state courts have limited authority to consider claims arising under the federal APA. (See, e.g., *Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 832.)

trial court properly rejected the argument because the payment bond was not valid, and by clearly stating it was "Non-Negotiable," fell outside the definition of a "negotiable instrument." (Cal. U. Com. Code, §3-104, sub. (d) ["[a] promise . . . is not [a negotiable] instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this division."].) Meier provides no argument or authority to suggest that this ruling was incorrect.

4. Meier's Claim for Cancellation of Instruments Fails.

Finally, Meier briefly argues, again without citation to the record or authority, that the trial court erred in granting summary judgment on her claim for cancellation of instruments. The court found that Meier failed to allege facts or law giving rise to a right to cancellation. (See Civ. Code, § 3412 ["A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person whom it is void or voidable," may be canceled].) Specifically, the court found that since the payment bond had no value, Meier had not shown that the mortgage instruments were "void or voidable" and would cause "serious injury" if not canceled. Again, Meier provides no argument or authority to suggest that this ruling was erroneous. Instead, she merely reiterates her argument, which we have already rejected, that respondents accepted the payment bond with their silence. We reject Meier's conclusory and unsupported argument based on a cancellation-of-instruments theory. (See *City of Santa Maria, supra*, 211 Cal.App.4th at pp. 286–287.)

8

*B. The Trial Court Did Not Abuse Its Discretion by Awarding Attorney Fees to Respondents.*

Meier also contends that the trial court abused its discretion by awarding attorney fees to respondents.  Once again, she fails to show error.

"An order granting an award of attorney fees is generally reviewed for abuse of discretion."  (*Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1319.)  Under this standard of review, trial court rulings are abuses of discretion only upon a showing of " ' "a clear case of abuse" ' " and a " ' "miscarriage of justice." ' "  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 331; *Denham v. Super. Ct.* (1970) 2 Cal.3d 557, 566.)

Meier's sole argument is that attorney fees would not have been awarded absent the entry of summary judgment against her.  As we affirm the granting of summary judgment, we have no basis to set aside the fee award.

## III.
### DISPOSITION

In A158922, we affirm the judgment.  In A159740, we affirm the award of attorney fees.  Respondents shall recover their costs on appeal.

9

_____

Humes, P.J.

WE CONCUR:


_____

Margulies, J.


_____

Sanchez, J.


*Meier v. U.S. Bancorp, et al*  A158922 & A159740